IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFERY A. CHAMBERS,<br><br>     Plaintiff,<br><br>     v.<br><br>MISTY MAY, *et al.,*<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)     Civil Action No. 25-127-MN<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

Plaintiff Jeffery A. Chambers, an inmate at the Sussex Correctional Institutional ("SCI"), filed this action on January 30, 2025, alleging violations of his civil rights under 42 U.S.C. § 1983. (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) On April 4, 2025, the matter was referred to the undersigned Magistrate Judge for screening purposes only. (D.I. 9) This court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). For the following reasons, the court recommends the Complaint be **DISMISSED** without prejudice with leave to amend.

## I.    BACKGROUND

Plaintiff alleges that he participated in a Medication Assisted Treatment ("MAT") program at SCI and was prescribed 14 mg of Suboxone.[1] (D.I. 1 at 5) Plaintiff alleges that he was falsely accused of diverting or abusing his medication, removed from Suboxone treatment, and forced into withdrawal resulting in painful physical side effects and impairment of his mental health. (*Id.*) Plaintiff sues his prison doctor, Misty May, the medical grievance official,

---

[1] The Court takes judicial notice that a MAT program is geared towards treatment of opioid use disorder. *See e.g.*, *Hymer v. Kross*, 2024 WL 3026781 (3d Cir. June 17, 2024).

Beth Bittner, several correctional officers, and a list of sixteen unnamed SCI employees[2] including the prison warden, all of whom Plaintiff alleges conspired to deprive him of Suboxone treatment in deliberate indifference to his medical needs. (D.I. 1-2)

In his Complaint, Plaintiff does not provide the court with any dates relevant to the alleged constitutional violations. (*See e.g.*, D.I. 1) Plaintiff states that he was initially accused by Sergeant Remington of diverting his Suboxone without any proof or evidence. (*Id.* at 6) Plaintiff states that he was issued a Class 1 write-up under Bureau of Prison Policy 4.2 for abusing his Suboxone treatment. (*Id.*) Plaintiff states that in the write-up there is no mention that medication was confiscated from him or that he was found with Suboxone in his possession. (*Id.*)

A hearing on the policy violation was held. Plaintiff alleges that the hearing officer, Captain Hanna, found him guilty of diverting his Suboxone medication without adequately reviewing the evidence. (*Id.*) Plaintiff further alleges that Sergeant Rune, Sergeant Maddagin, and Sergeant Hubbs were responsible for giving Misty May, the doctor who removed him from Suboxone, the order to do so. (D.I. 1 at 6) Plaintiff alleges that despite his pending appeal, he was taken off his Suboxone two weeks before his appeal concluded. (*Id.*) His appeal was denied so Plaintiff filed a medical grievance. In his grievance, he denied that he attempted to divert his Suboxone medication, and he requested reinstatement in the MAT program. (*Id.*) Plaintiff alleges that Beth Bittner, who oversees medical grievances, told him that his Suboxone would be promptly discontinued because of Plaintiff's intention to file a civil lawsuit against the staff of

---

[2] In an attachment to his Complaint Plaintiff lists sixteen unnamed individuals which he identifies by title and as staff of SCI, they are: Bureau Chief, Bureau Medical Director, Bureau Mental Health Treatment Services, Bureau Medical Treatment Services, Bureau Facility Liaison, Clinical Pharmacist, HSA, DON, State Wide Mental Health Director, State Wide Medical Director, On Site Providers, State Wide OUD Coordinator, Site Mental Health Director, Site Medical Director, Site OUD Coordinator, and the Warden. (D.I. 1-2)

SCI. (*Id.* at 6–7) Plaintiff claims that his medical grievance was denied following a hearing despite the lack of evidence that he improperly diverted Suboxone. (*Id.* at 7) Plaintiff's allegations center around the manner in which he was removed from the MAT program and the abrupt discontinuation of his Suboxone medication. Plaintiff alleges that SCI staff were deliberately indifferent to his medical needs as he experienced withdrawal, causing him pain and suffering when he was removed from his Suboxone medication. (D.I. 1 at 7)

Plaintiff seeks reinstatement in the MAT program and renewal of his Suboxone medication, an investigation into SCI's alleged violations of his civil rights, and compensatory damages for his pain and suffering. (*Id.* at 11)

## II.    LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly

3

baseless" or "fantastic or delusional" factual scenario.' " *Dooley v. Wetzel*, 957 F.3d. at 374

(quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003)).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §

1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal

Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim

under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon

which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and

1915A, however, the court must grant a plaintiff leave to amend his Complaint unless

amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the

complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a

complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation

of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d

Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See

Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009)). Finally, a plaintiff must plead facts sufficient to show that a claim has

substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may

not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See

id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

Plaintiff's Complaint alleges that he was falsely accused of a violation of prison policy for allegedly diverting Suboxone administered to him in the MAT program. He further alleges constitutional violations by prison providers and staff for deliberate indifference to his medical needs when he was removed from the MAT program and suffered withdrawal symptoms. Plaintiff seeks relief pursuant to the Eighth Amendment proscription against cruel and unusual punishment, which requires prison officials to provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976).

To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104 (internal citations and quotation marks omitted). A prison official is deliberately indifferent if he knows that a prisoner faces a

substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994).

### A. Failure to Exhaust Administrative Remedies

As a preliminary matter, Plaintiff has not provided any confirmation that he exhausted his administrative remedies through the prison grievance process. Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *Booth*, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures").

Although exhaustion is an affirmative defense, the court may *sua sponte* dismiss an action pursuant to Section 1915A when the failure to exhaust defense is obvious from the face of the Complaint. *See Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019). Here, Plaintiff states that after he unsuccessfully appealed the decision finding him guilty of violating prison policy for diversion of Suboxone, he sought further redress through the medical grievance process, but his grievance was ultimately denied. (D.I. 1 at 6) Plaintiff alleges he has exhausted his administrative remedies but has not provided any record of the grievance hearing determination for the court. (*Id.*) Moreover, there is no timeline or chronology of the dates when such actions

6

by the SCI staff occurred. Without any dates or details about the grievance process, the court
cannot determine on the face of the pleading whether Plaintiff's administrative remedies were
exhausted. Consequently, I recommend that the court dismiss Plaintiff's claims without
prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(l).

### B. Due Process Claims Lack Merit

To the extent Plaintiff alleges that his civil rights were violated as a result of being falsely
written-up for diverting Suboxone in violation of prison policy, such claims fail. The filing of
false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was
granted a hearing and an opportunity to rebut the charges. *See Crosby v. Piazza*, 465 F. App'x
168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002)). There
are no allegations that Plaintiff was denied a hearing. To the contrary, Plaintiff states that the
matter was the subject of a disciplinary hearing (resulting in a guilty finding against him) and an
unsuccessful appeal. (D.I. 1 at 6–7)

Similarly, any purported violation of procedural due process fails. It is well established
that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full
panoply of rights due a defendant in such proceedings does not apply." *Lacombe v. McKenna*,
2016 WL 6650832, at *3 (D. Del. Nov. 9, 2016) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556
(1974)). Rather, due process prohibits the deprivation of a prisoner's liberty interest at a
disciplinary hearing unless the prisoner is given: (1) an impartial decision-making body; (2)
twenty-four hour notice of the charges; (3) an opportunity to call witnesses and present
documentary evidence; (4) assistance from a representative; and (5) a written decision explaining
the evidence relied upon. *Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). As explained above,
Plaintiff does not allege that he was deprived of a hearing, only that he disagrees with the
outcome.

Plaintiff takes issue with the standards of proof applicable to the hearing process and the medical grievance process. However, Plaintiff's dissatisfaction with the outcome of the disciplinary process does not amount to a constitutional violation. Based upon the law, Plaintiff's procedural due process rights were not violated and, therefore, his claim is not cognizable as a Section 1983 claim under the holding of *Wolff*.

Accordingly, I recommend that the court dismiss Plaintiff's due process claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(l).

### C. Claims Against the Provider Prison Officials [3]

Plaintiff's allegations against the Provider Prison Officials, Dr. May, the "Clinical Pharmacist," and "On Site Providers," for deliberate indifference to his medical needs, fails to plausibly allege that those individuals knew Plaintiff faced a substantial risk of serious harm and failed to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Because Plaintiff was found guilty of violating a prison policy which prohibits diverting Suboxone, the Plaintiff was no longer eligible to receive the medication as a consequence. An order was given to the medical provider, Dr. May, to stop administering the Suboxone treatment to Plaintiff because he was found guilty of diverting the medication. Plaintiff's primary complaint appears to be with the method in which his Suboxone was discontinued. He claims he suffered severe withdrawal symptoms because he was immediately discontinued from the medication instead of tapered off of it.

---

[3] Plaintiff does not specify the constitutional amendments but seemingly brings a claim for deliberate indifference to his medical needs under both the Eighth and Fourteenth Amendments. The analysis of whether a supervisor may be held individually liable in a Section 1983 case is the same regardless of whether the Eighth or Fourteenth Amendment applies. *Compare Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316–17 (3d Cir. 2014), *overruled on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015) (analyzing supervisory liability in an Eighth Amendment case) *with Andrews v. Kenney*, 2017 WL 2591931, at *3–4 (E.D. Pa. June 14, 2017) (applying the same analysis in a Fourteenth Amendment case).

To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Plaintiff's claims against the Provider Prison Officials are not viable because the discontinuation of a medication the Plaintiff was found guilty of diverting or abusing does not amount to deliberate indifference of a serious medical need. At best, his Complaint is about the manner in which it was discontinued, which does not equate to a constitutional violation. *Estelle*, 429 U.S. at 107; *see also Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.") (quotation marks omitted).

Consequently, I recommend that the court dismiss Plaintiff's claims against the Provider Prison Officials without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(l).

### D. Claims Against the Non-Medical Prison Officials

The Complaint alleges Non-Medical Prison Officials, Beth Bittner, Sergeant Remington, Captain Hanna, Sergeant Rune, Sergeant Maddagin, Sergeant Hubbs and the Warden were deliberately indifferent to Plaintiff's medical needs by virtue of their role in the revocation of his Suboxone treatment. However, the Complaint also alleges that Plaintiff was receiving medical care from Dr. May during this time. It is well-established that, "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Plaintiff's Complaint fails to state a claim for deliberate indifference to his medical needs against the Non-Medical Prison Officials based on their supervisory positions because there is no *respondeat superior* liability under Section 1983, and the Complaint does not adequately allege personal involvement by any of these defendants. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Liability in a Section 1983 action is personal in nature and, to be liable, a

9

defendant must have been personally involved in the wrongful conduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved[.]" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (internal citations and quotation marks omitted). Even when liberally construing the Complaint, there are no allegations of personal involvement, personal direction, actual knowledge or acquiescence of an alleged constitutional violation. Instead, the Complaint alleges that these individuals were involved in the prison disciplinary hearing and grievance process. As previously noted in Section III.B, *supra*, Plaintiff's dissatisfaction with the outcome of his disciplinary and grievance hearings is not actionable.

Accordingly, I recommend that the court dismiss Plaintiff's claims against the Non-Medical Prison Officials without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### E. Claims Against the Unnamed Prison Officials

Plaintiff attached to his Complaint a list of sixteen unnamed prison officials, identifying them only by their title. (D.I. 1-2) He alleges without factual detail that such individuals were involved in his removal from the MAT program.[4] Plaintiff fails to identify when and how any of the unnamed officials were involved in his removal from the MAT program. (D.I. 1 at 6–8)

---

[4] Plaintiff lists a total of sixteen unnamed Defendants but the "Clinical Pharmacist," "On Site Providers," and "Warden" are addressed in Sections III.B–C, *supra*. The other Defendants listed by Plaintiff are unknown and identified only as "HSA" and "DON." Their roles at SCI are not apparent from this Complaint. (D.I. 1-2)

Plaintiff's Complaint against these unnamed Defendants fails to satisfy the pleading requirements under *Twombly* and *Iqbal* because there are insufficient facts to state a claim for relief. Plaintiff provides no factual allegations about their acts or omissions beyond summarily concluding that these unnamed individuals bear some responsibility for his removal from the MAT program and the discontinuation of Suboxone medication. (D.I. 1-2) Without any more than labels and conclusions to support the allegations, the Plaintiff has failed to plausibly state a cause of action against the unnamed Defendants.

For these reasons, I recommend that the court dismiss Plaintiff's claims against the Unnamed Prison Officials without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV.   CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

### ORDER

At Wilmington this ___ day of _____, 2025, IT IS ORDERED that:

1.   The Report and Recommendation issued on May 8, 2025, is **ADOPTED**.

2.   Plaintiff's claims for violations of 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3.   Plaintiff is granted leave until on or before _____, 2025 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served

with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ.

P. 6(d).  The failure of Plaintiff to object to legal conclusions may result in the loss of the right to

*de novo* review in the district court.  *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir.

1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The Plaintiff is directed to the court's Standing Order for Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.


Dated: May 8, 2025

_____

Sherry R. Fallon

UNITED STATES MAGISTRATE JUDGE